**Donald Joseph GILHOOLY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–79–324.**

Court of Criminal Appeals of Oklahoma.

March 25, 1981.

Johnny O'Neal, Asst. Public Defender, Tulsa County, for appellant.

Jan Eric Cartwright, Atty. Gen., Danny K. Shadid, Asst. Atty. Gen., Michael Lee Bardrick, Legal Intern, State of Oklahoma, for appellee.

## OPINION

BRETT, Presiding Judge:

Donald Joseph Gilhooly, the appellant, was convicted in the District Court of Tulsa County, Case No. CRF–77–2747, for two counts of Uttering a Forged Instrument, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1592. Punishment was fixed at two (2) twelve (12) year terms of imprisonment, to run concurrently.

Appellant was employed by the prosecuting witness, Santo Dellaria, September 15 through 21, 1977. His duties included bookkeeping and making deposits at the bank. On September 21, 1977, two checks written on Dellaria's business account were presented for payment at Guaranty National Bank. Dellaria testified that these checks were not written by him nor were they authorized to be written on his account. Dellaria further testified that the signature on the two checks was that of the appellant.

The appellant asserts that the trial court erred in allowing the witness Dellaria to testify and give an opinion concerning the authorship of the forged signatures. The testimony of Dellaria reveals that at the time the checks were first shown to him he suspected the handwriting to be that of appellant. However, Dellaria made no mention of his suspicions to the bank officers or the members of the police force who were at the bank at that time. Dellaria later compared and studied the signatures on the checks with samples of the appellant's handwriting that he had in his possession.

For a non-expert to authenticate or identify handwriting, the witness's opinion must be "... based upon familiarity not acquired for purposes of litigation." 12 O.S.Supp. 1980, § 2901(B)(2). Because Mr. Dellaria studied the handwriting of the appellant in order to satisfy himself that the signature was that of the appellant's before he could testify to the same, we find it was error for the trial court to admit his testimony as evidence. The witness's comparison of the appellant's handwriting to the signature on the check was made for the express purpose of testifying with confidence at trial.

For this reason, the judgment and sentence appealed from is REVERSED and REMANDED.

CORNISH, J., concurs.

BUSSEY, J., dissents.

BUSSEY, Judge, dissenting:

I cannot agree that the testimony complained of was based on a familiarity acquired for purposes of the criminal prosecution, hence taking it out of 12 O.S.Supp. 1978, § 2901(B)(2). A summary of the evidence reflects that defendant was employed by Santo Dellaria, as a bookkeeper from September 15, 1977, until September 21, 1977. Dellaria identified two checks on his business account which were not written or authorized by him. Based upon his prior knowledge of the defendant's handwriting, it was his opinion that the checks had been written by defendant. Dellaria testified that he was very familiar with the defendant's handwriting and the defendant had an unusual backward script which the witness had observed on checks and on the company books. He testified that he recognized the handwriting as being defendant's when he first observed the checks. He did not study other writings at the request of the police, but merely because of his "good conscience." Nan Mullins, a bank teller, identified the defendant as the person who cashed the checks at Guaranty National Bank on September 21, 1977.

Other samples of appellant's signature were consulted on his own purely "reconfirming" his belief. Authentication under section 2901 requires only "evidence sufficient to support a finding." See section 2901(A). A more stringent standard for judging, as a preliminary matter, when

such a showing has been made would not seem to be required.

Moreover, appellant has not demonstrated prejudice sufficient to warrant reversal, even if the testimony was improper. The testimony complained of was that all the handwriting on the two checks other than the payor's, or drawer's, signature, and some initials in the upper right hand corners, was in appellant's handwriting. [Tr. 133] The same witness testified that the payor's, or drawer's signature, purportedly his, was non-genuine and had been forged. The bank teller testified that appellant endorsed one of the checks, one made out to "cash", on the back, in her presence in an unusual manner: lengthwise, rather than across the corner. An examination of the exhibits reveals that the second check, made out to appellant, was also endorsed in that unusual manner and the signatures endorsed on both checks were appellant's name. Appellant received the proceeds of both checks. Appellant was charged with Uttering a Forged Instrument, not with the forgeries themselves, and the testimony in question, even if improper, could not have determined the verdict.